# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DEDICATED LOGISTICS, INC., a Minnesota corporation,<br><br>                Plaintiff/Counter-Defendant,<br><br>against<br><br>FCA US LLC, a Delaware limited liability company,<br><br>                Defendant/Counter-Plaintiff. | Case No. 3:20-cv-12754<br><br>Honorable Robert H. Cleland<br><br>Magistrate Judge Curtis Ivy, Jr. |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties, pursuant to Fed. R. Civ. P. 26(c),

**IT IS HEREBY ORDERED:**

1.  Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information.

2.  A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the word confidential on each page of the document or, if it is a native file, indicating on the slip sheet that the document is Confidential.

3. A non-producing party may also designate any document, information, or things produced during this proceeding, not already designated "Confidential" as "Confidential" as if it were a producing party. The non-producing party shall do so in the same manner as a producing party.

4. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or, within 14 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed Confidential for a period of 14 days after the receipt of the deposition transcript.

    a. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes "Confidential" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below shall be excluded from that portion of the deposition;

    b. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

5.      If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

6.      The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

7.      If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment,

and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

8. Should any party object to a designation of any information, documents, or things as "Confidential," the parties or the producing party shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things. The parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court on an expedited basis for a determination. The party claiming the "Confidential" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" shall be treated as such.

9. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding or any other proceeding, including substantially similar parties or substantially similar issues.

10. All documents, information, or things designated as "Confidential" shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

    a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    b. experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

    c. any court reporter employed in this case;

    d. a witness at any deposition or other proceeding in this case;

    e. a potential witness; and

    f. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

11. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraphs 9 and 10 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

12. Materials designated as "Confidential" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, or to a testifying or non-testifying expert or consultant under paragraphs 9 and 10 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as <u>Exhibit A</u>. Current employees of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

13. Counsel shall maintain files containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order.

14. No documents, information, or things designated as "Confidential," including that contained in pleadings, motions, briefs, declarations, or exhibits (except in sealed envelopes) shall be filed with the Court. Such sealed envelopes shall bear the case caption and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated "Confidential," such sealed envelopes shall prominently bear the notice:

**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER. TO BE OPENED**

**ONLY BY OR AS DIRECTED BY THE COURT.**

To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal (as provided in paragraph 18) or provided to the Court for *in camera* inspection. The Court and its staff shall maintain all filings so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

15. Nothing in this Order shall preclude any party or their attorneys from:

   a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

   b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

   c. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take

        such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

    d.    Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

16. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

17. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the opposing party; provided however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location - subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party

have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

18. This Order does not authorize or permit the filing of any documents under seal. A party seeking to file any documents under seal must comply with Local Rule 5.3.

19. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

20. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on

the use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

21. This Order has been stipulated and agreed to by the parties.

Dated: March 29, 2021

                                              s/Robert H. Cleland

                                              U.S. DISTRICT COURT JUDGE

**IT IS SO STIPULATED.**

Approved as to Form and Content:

| By:/s/ *Andrew M. Pauwels* | By:/s/ *Thomas J. Murray (w/ permission)* |
|---|---|
| Jeffrey K. Lamb (P76738) | Thomas J. Murray (P56331) |
| Andrew M. Pauwels (P79167) | Stephen W. King (P56456) |
| Jad Sheikali (IL Bar 6324641) | Attorneys for FCA US LLC |
| Attorneys for Dedicated Logistics, Inc. | |

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, declare as follows:

1. My address is: _____.

2. My present employer is _____ and the address of my employer is _____.

3. My present occupation is _____.

4. I have received a copy of the Stipulated Protective Order in the case of _____, Case No. _____, in the United States District Court for the Eastern District of Michigan.

5. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

**Signature** _____

Dated: _____, 20\_\_